IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| MICHAEL POLITO, | Civil Action No.: |
| Plaintiff, | 2:24-CV-00201-MRH-CBB |
| vs. | Mark R. Hornak |
| | Chief United States District Judge |
| LOUIS DEJOY, | |
| | Christopher B. Brown |
| Defendant. | United States Magistrate Judge |

### REPORT AND RECOMMENDATION
### on ECF No. 6

**CHRISTOPHER B. BROWN, United States Magistrate Judge.**

I.  Recommendation

This civil action was initiated by Plaintiff Michael Polito, a former letter carrier employed by the United States Postal Service ("USPS"), against Postmaster General Louis DeJoy for failing to provide reasonable accommodations under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* ("Rehab Act").

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 which gives original subject matter jurisdiction to federal courts in civil cases arising under the Constitution, laws or treaties of the United States.

Presently pending before the Court is Defendant's motion to dismiss for failure to exhaust administrative remedies. ECF No. 6.  The motion is fully briefed and ripe for consideration. ECF Nos. 7, 14, 15.  For the reasons that follow, it is

1

respectfully recommended that the Court grant in part and deny in part Defendant's motion to dismiss and the parties may raise the issues regarding equitable tolling and Polito's adequate notice following the completion of discovery at the appropriate procedural juncture.

## II. Report

### a. Background

Polito was employed by the USPS as a letter carrier from September 1, 2018 until on or about October 31, 2022. ECF No. 1 at ¶ 4. On or about February 18, 2021, Polito was admitted to the hospital where he was diagnosed with a serious medical condition which rendered him unable to work for an extended period of time. *Id*. at ¶ 5. In May 2021, USPS placed Polito on "leave without pay" status. *Id*. at ¶ 6. In June 2021, Polito informed his union president, Ted Lee, that his doctors were optimistic that he would be able to return to work and requested advanced sick leave, donated annual leave or leave share. *Id*. at ¶ 7. Lee did not respond to Polito's email. *Id*.

In May 2022, Polito attempted to contact USPS Labor Relations Specialist Ekaterina Efimova to inform her that he wished to pursue a reasonable accommodation and called her three separate times. *Id*. at ¶ 9. Each time the USPS employee who answered the phone took his information and told him that someone would call him back, but no one ever returned his call. *Id*. Thereafter, a former supervisor helped Polito contact Adam Davis, the Chair of the Reasonable Accommodation Committee ("RAC"). *Id*. at ¶ 10. In August 2022, Polito met with

the RAC and informed the members of the Committee that he could not work outdoors due to his medical condition and requested reassignment to an indoor position. *Id*. at ¶ 11.  At this meeting, the USPS nurse asked Polito to provide a letter from his rheumatologist concerning his condition and his physician agreed to provide the letter but wanted to first speak with the RAC nurse. *Id*. at ¶ 12.  Polito's physician attempted to contact the RAC nurse, but the nurse did not return Polito's physician's calls. *Id*.

In September 2022, Davis sent Polito a letter informing him that "the information provided by your medical provider on May 6, 2022 did not state you were released to return to work with restrictions." *Id*. at ¶ 13.  Polito does not know what information, if any, his medical providers gave to the USPS on May 6, 2022. *Id*. at ¶ 14.  Davis's letter provided Polito with the option "to allow the RAC medical consultant to contact your medical provider directly for additional information or clarification as it specifically relates to your request for reasonable accommodation." *Id*. at ¶ 15.  Polito completed and signed all the authorizations to do so for each of his four physicians and faxed these forms to the USPS on September 15, 2022. *Id*. at ¶ 17.

On October 31, 2022, Polito received a "Notice of Separation Disability" from USPS stating his employment would be terminated in thirty days. *Id*. at ¶ 18.  The letter stated "[t]he Reasonable Accommodation Committee invited you to participate in the RA interactive process.  By a letter dated September 6, 2022, you were informed the information provided by your medical provider was insufficient.

3

As of October 3, 2022, RAC has not received the updated documentation and closed your case." *Id*. at ¶ 19.  Polito was never informed that the RAC had not received sufficient information from his physicians, nor was he informed that RAC closed his case. *Id*. at ¶ 20.  Polito asked his physicians what information they provided to USPS and all his physicians informed him that USPS had not contacted them or requested any information about Polito. *Id*. at ¶ 21.  The October 31, 2022 letter did not inform Polito of his right to file a discrimination complaint with the USPS EEO Office or that a failure to do so within 45 days would result in the forfeiture of his rights, nor did Polito ever see any notices in his place of employment informing him of his EEO rights and believes no such notices were posted. *Id*. at ¶¶ 22-23.

On November 7, 2022, Polito contacted Lee regarding the termination letter and the reasonable accommodation process. *Id*. at ¶ 26.  Lee requested copies of Polito's documentation, which Polito sent, and Lee never responded. *Id*. Polito thereafter attempted to call and email both Davis and Lee numerous times but never received a response. *Id*.

On November 29, 2022, Polito's medical provider, Dr. Ellen Carrington, sent a letter to Davis stating that she had access to Mr. Polito's medical records and that "It would be unfair to subject undue financial and psychological hardship on Michael Polito.  I can only hope that you reconsider your decision not to give this gentleman reasonable work accommodation or disability should he be eligible." *Id*. at ¶ 28.  Davis never contacted Polito about this letter, nor did David ever respond to the letter in any way. *Id*. at ¶ 29.

4

On December 16, 2022, Polito sent Davis the following letter stating, *inter alia*,

> On Your letter dated 9-6-22 it states I may choose an RAC medical consultant to contact my medical provider if I complete sections 1 & 3 of PS Form 2488. So I faxed the post office on 9-15-22 as you requested 4 authorizations for 4 different doctors to obtain my medical info. I have included all the documents.
>
> The separation letter dated 10-31-22 states my medical information was insuffient (sic). What documents were insuffient (sic)? I was never told what these documents were.
>
> I talked to both my insurance companies past and present and they were never contacted by the USPS. I talked to all 4 doctors I gave permission to obtain my medical records from and all 4 doctors were never contacted by the USPS. So I have no clue what information you're talking about and the info should have been brought to my attention. I did everything I was asked to but it seems your side did not do its job.

*Id*. at ¶ 30.  Polito sent a copy of this letter to Lee and did not receive a response from Lee or Davis. *Id*. at ¶ 31.

On January 18, 2023, Polito received a "Notice of Debt Determination" and "Invoice" stating that he owed the USPS $1,490.78 for "overdrawn annual and/or sick leave." *Id*. at ¶ 32.  On February 21, 2023, Polito sent a letter to HR Manager Lori Price explaining the history of his illness, informing her that he could not possibly pay the invoice he had received and explaining that the USPS had not contacted his physicians despite having received signed released within the deadline provided by Davis. *Id*. at ¶ 33.  Price did not respond to this letter. *Id*. Polito called Price multiple times and left messages asking about the process for challenging his termination and she did not return his calls. *Id*. at ¶ 34.

5

In March 2023, Polito contacted Pennsylvania State Senator Jay Costa detailing his situation and was advised to file a complaint with the USPS EEO Office. *Id*. at ¶ 36. Polito submitted a complaint to the USPS EEO Office on July 31, 2023 who then dismissed his complaint on November 20, 2023 for not contacting the USPS EEO Office within 45 days of his termination. *Id*. at ¶¶ 37-38. In the dismissal, the agency explained it was required to extend the 45-day deadline if Polito "showed that he . . . was not notified of the time limits and was not otherwise aware of them," but that it was not required to in this instance because Polito "did not claim that [he was] unaware of the time limit for contacting an EEO Counselor and the record contains an affidavit attesting to the fact that the EEO poster [was] appropriately displayed at [his] facility." ECF No. 7-5 at 4.

Polito filed this action on February 19, 2024 alleging USPS failed to reasonably accommodate him for his disability in violation of the Rehab Act and asserts claims for discrimination and retaliation.

### b. Standard of Review – Fed. R. Civ. P. 12(b)(6)

The applicable inquiry under Fed. R. Civ. P. 12(b)(6) is well settled. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief;" Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A defendant bears the burden of showing a plaintiff's complaint fails to state a claim. *See Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

In deciding a motion to dismiss, a court may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record and any document "integral to or explicitly relief upon in [framing] the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (cleaned up). If a court considers other matters outside of this list, the motion must be converted to a motion for summary judgment after giving the parties a reasonable opportunity to present all material

discovery relevant to a summary judgment motion before the Court's decision. Fed. R. Civ. P. 12(d). Where a defendant seeks to dismiss a complaint for failure to exhaust administrative remedies, courts may consider EEO documents which are fundamental to the allegations of the complaint. *Smith v. Pallman*, 420 Fed. Appx. 208, 213 (3d Cir. 2011)(unpublished). While Polito did not attach a copy of the agency's dismissal letter to his complaint, it is proper to consider the letter provided by Defendants as it is fundamental to the allegations in Polito's complaint.

### c. Discussion

Defendant moves to dismiss Polito's complaint on the basis that he failed to timely exhaust administrative remedies and there is no basis for tolling or otherwise extending the deadline. ECF No. 7 at 1. Polito responds that the deadline to exhaust should be extended pursuant to 29 C.F.R. § 1614.105(a)(2) and that equitable tolling applies. ECF No. 14 at 5-7; 7-9.

"It is a basic tenant of administrative law that a plaintiff must exhaust all administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). Federal employees must exhaust administrative remedies for claims brought under the Rehab Act. *Freed v. Consol. Rail Corp.*, 201 F.3d 188, 191 (3d Cir. 2000) ("persons can sue a federal employer for injunctive relief and/or damages for violating section 501 [of the Rehab Act] but are required to exhaust administrative remedies."). "[A] plaintiff's failure to timely exhaust administrative remedies bars his subsequent claim in federal court." *Harris*

*v. Postmaster Gen. of U.S.*, No. 21-1589, 2022 WL 336999, at *1 (3d Cir. Feb. 4, 2022)(unpublished).

Federal regulations supply the regulatory scheme for exhausting administrative remedies for such claims and require an employee who believes they have been discriminated against on the basis of an enumerated protected class – including for a disability or related medical condition – to "consult a[n EEO] Counselor prior to filing a complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a). An employee "must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1).

The 45-day time limit is not jurisdictional and rather considered an "affirmative defense in the nature of statute of limitations." *Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). This 45-day time limit is a "prudential exhaustion requirement" *Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007), subject to the equitable legal defenses of waiver, estoppel, and tolling. 29 C.F.R. § 1614.604(f). In addition, the federal regulations provide for statutory tolling of the 45-day time limit as follows:

> The agency or the Commission shall extend the 45–day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond

9

> his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

Because these exhaustion requirements are akin to a statute of limitations and not jurisdictional, the defendant bears the initial burden of proving the lack of, or untimely exhaustion. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Bowden v. U.S.*, 106 F.3d 433, 437 (D.C. Cir. 1997). Once that burden has been met, "the obligation shifts to the plaintiff to support avoidance of the exhaustion bar, such as by asserting equitable defenses." *Hill v. Garland*, No. CV 19-3389 (JEB), 2021 WL 965624, at *4 (D.D.C. Mar. 15, 2021) (citing *Bowden*, 106 F.3d at 437).

To this end, it is undisputed that Polito received notice that his employment would be terminated on October 31, 2022 and he did not contact an EEO counselor until July 31, 2023 – more than seven months after the 45-day deadline to contact an EEO counselor expired. ECF No. 1 at ¶¶ 18, 37. Polito therefore did not timely exhaust his administrative remedies with respect to the claims he now brings in federal court and relies on tolling principles to excuse his failure to exhaust. ECF No. 1 at ¶ 44; ECF No. 14 at 5. Polito's arguments for tolling are twofold: First, he is entitled to statutory tolling under 29 C.F.R. § 1614.105(a)(2), and second, he is entitled to equitable tolling. ECF No. 14 at 5-9. Polito maintains that USPS never informed him of the 45-day deadline for contacting the EEO Office and he was not otherwise aware of that deadline. *Id.* Naturally, Defendant disagrees that Polito is entitled to tolling and gives several reasons against so finding: Polito waived his

10

right to assert lack of notice as a defense because he did not raise this excuse during the administrative process; Polito does not establish that he lacked sufficient notice; and there is no basis for equitable tolling. ECF No. 7 at 9-15.

### Polito Has Not Demonstrated He is Entitled to Statutory Tolling Under 29 C.F.R. § 1614.105(a)(2)

Polito first maintains he is entitled to statutory tolling under the applicable regulations because he was not notified or otherwise aware of the time limits which requires an extension of the 45-day deadline. ECF No. 14 at 5

Defendant responds that Polito waived his "lack of notice" argument for an extension of the 45-day deadline because he did not present this argument to the EEO in the first instance, and he cannot raise it for the first time in federal court. ECF No. 7 at 9-10. Defendant's argument is persuasive and mirrors what several other courts addressing the issue have found. Deference to Congress's intention to vest federal agencies with the responsibility of investigating and resolving complaints of discrimination in the workplace and fairness to the agency "demand that courts decline to consider arguments for tolling the 45-day deadline [of 29 C.F.R. § 1614.105] not initially pressed or passed upon during administrative proceedings[.]" *Hill*, 2021 WL 965624, at *5. The conclusion that a plaintiff waives a tolling argument not brought before the EEO in the first instance is further supported by the statute itself which requires the "agency or Commission" to extend the 45-day deadline "when the **individual** shows" a lack of notice. 29 C.F.R. §

11

1614.105(a)(2) (emphasis added). *See also Hill*, 2021 WL 965624, at *5 ("This Court cannot find that the agency should have relaxed that deadline when Plaintiff did not even inform it of the precise basis she now claims entitled her to an extension.")

Several courts that have addressed this issue have similarly found a plaintiff waives his argument to excuse the untimely initiation of his claim with the EEO counselor for inadequate notice of the 45-day deadline where he does not first raise it during the administrative process. *Hill*, 2021 WL 965624, at *5 (plaintiff waived argument that she lacked notice of the 45-day time limit imposed by 29 C.F.R. § 1614.105(a)(2) by not raising it during the administrative process); *Doe v. Brennan*, 980 F. Supp. 2d 730, 736 (E.D. Va. 2013) ("[w]here a plaintiff does not affirmatively raise the issue that he lacked notice and should be entitled to an extension during the administrative process, he has waived that notice argument in an appeal in federal court."); *Nicosia v. Mabus*, No. 7:16-CV-29-D, 2016 WL 4767537, at *2 (E.D.N.C. Sept. 13, 2016) ("[A] plaintiff seeking to extend the 45-day deadline under 29 C.F.R. § 1614.105(a)(2) first must have presented all facts supporting such an extension to the agency and may not raise new arguments for the first time in a judicial filing in federal court."); *Winston v. Clough*, 712 F. Supp. 2d 1, 9–10 (D.D.C. 2010) (plaintiff waived argument that he lacked constructive notice of the 45-day time limit imposed by 29 C.F.R. § 1614.105(a)(2) by not raising it during the administrative process). This Court has found no cases which expressly find that a court can grant an extension under 29 C.F.R. § 1614.105 for a lack of notice where

the plaintiff has not first raised the issue at the administrative level and the Court is constrained not to do so here.¹

Polito also counters that he was not "obligated to address entitlement to an extension" during the administrative proceedings because Defendant did not raise the 45-day time limit as an affirmative defense during those proceedings. ECF No. 14 at 6. According to Polito, only after a defendant "has pled and proven that plaintiff failed to exhaust" would the burden shift to Polito to avoid exhaustion. ECF No. 14 at 6. While Polito is technically correct that the failure to exhaust administrative remedies is an affirmative defense for which the defendant has the initial burden to plead and prove – failure to exhaust administrative remedies is a legal defense applicable in the context of a lawsuit, and not during the administrative process. Moreover, the plain text of 29 C.F.R. § 1614.105(a)(2) places the burden of raising an inadequate notice argument on the "individual" to raise during the administrative proceedings, not the agency or Commission. To the extent Polito implicitly argues Defendant forfeited its failure to exhaust defense by not raising it during the administrative process, an agency does not waive such a defense where, as here, the agency's administrative decision dismissed the claim as

---

¹ While Polito cites two cases to support his position that courts do in fact have this authority, *Bittermann v. Zinke*, 465 F. Supp. 3d 1185, 1197 (D.N.M. 2020) and *Hatcher v. Potter*, No. CIV.A. 04-2130, 2005 WL 3348864 (E.D. Pa. Dec. 7, 2005), neither case squarely decided the issue of waiver by a plaintiff in this context. While *Bittermann* indicated it was deciding the statutory tolling issue "in the first instance," it was doing so because the **agency** "did not explicitly find that the Bittermans were entitled to equitable tolling, nor did it make any findings on their claims on the merits." *Bittermann*, 465 F. Supp. 3d at 1196. The decision is entirely silent as to whether the Bittermanns affirmatively raised the equitable tolling argument during the administrative process. *Hatcher* is likewise silent as to whether plaintiff affirmatively raised a statutory tolling argument during the administrative process, and only affirmed the agency's dismissal of plaintiff's claims based on untimeliness. 2005 WL 3348864 at *4-*5.

untimely. *Sierra v. Hayden*, 254 F. Supp. 3d 230, 240–41 (D.D.C. 2017); *Hill*, 2021 WL 965624, at *4.

For these reasons, Polito has failed to show that he is entitled to statutory tolling under 29 C.F.R. § 1614.105(a)(2).

### Dismissal Based on Equitable Tolling is Premature

In addition to the statutory extension, the 45-day time limit to initiate contact with a counselor after the alleged discriminatory act is subject to equitable tolling. 29 C.F.R. § 1614.604. Polito maintains that he is invoking equitable tolling because "[i]t would be manifestly unjust to rigidly apply the 45-day time limit for contacting an EEO counsellor [where he] diligently and timely raised his claims with people who he reasonably expected to address such matters (*i.e.* the Chair of the Reasonable Accommodation Committee, his Human Resources Manager and his Union President.)." ECF No. 14 at 8. Polito further argues that he "raised his claims in the incorrect forum only because Defendant failed to comply with its statutory obligations and withheld basic information about the complaint process. It would be inequitable to dismiss [his] complaint because he did not comply with procedural steps which he specifically requested and which Defendant was obligated to provide." *Id*.

Because the 45-day deadline is not jurisdictional, courts may permit equitable tolling in the following limited circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where

14

the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Hedges v. U.S.*, 404 F.3d 744, 751 (3d Cir. 2005) (cleaned up). Equitable tolling is an "extraordinary remedy" that should be granted "sparingly." *Id.* (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990)). For equitable tolling to apply, the plaintiff must have exercised due diligence to preserve his claim and the party asserting the exception – here, Polito – bears the burden to show he or she is entitled to tolling. *Irwin*, 498 U.S. at 96.

Polito implies he was misled because Defendant withheld basic information about the EEO complaint process, causing him to miss the 45-day deadline. While he does not explicitly so argue, in essence, Polito maintains he did not receive adequate notice of his right to contact the EEO counselor regarding his termination and is entitled to equitable tolling. While Polito cites to no case law to support this position, out of an abundance of caution to ensure Polito is not disenfranchised of his rights by operation of the 45-day limitation – the Court will address this issue.[2]

---

[2] Polito largely argues he is entitled to equitable tolling because he raised his claims in the incorrect forum. This argument summarily fails, as there are no allegations to plausibly suggest that he asserted any rights in any forum. *See Bourdeau v. Nicholson*, No. 06-CV-2896, 2007 WL 9812955, at *2 n. 3 (E.D. Pa. Mar. 28, 2007) (plaintiff's claim for disability discrimination under the Rehab Act was equitably tolled under the "incorrect forum" factor where plaintiff timely filed suit in state instead of federal court). The Court is not convinced – and Polito has cited to no applicable legal authority for the proposition – that raising employment concerns with organizational leaders constitutes asserting legal rights in a forum sufficient to trigger equitable tolling. While Polito asserts a lack of notice argument as grounds for statutory tolling, he does not explicitly make that argument for equitable tolling, despite the existence of binding authority requiring the court to consider adequate notice as a factor to apply equitable tolling.

"The Supreme Court has held that equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit[.]" *Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)). Several courts have extended this principle in the employment discrimination context to include instances where an employee receives inadequate notice of the applicable time limits for filing administrative claims, including for inadequate notice of the 45-day deadline to report discrimination or retaliation to the EEO counselor under 29 C.F.R. § 1614.105(a)(1). *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997); *Doe v. DeJoy*, No. 5:19-CV-05885, 2020 WL 6482545, at *10 - *11 (E.D. Pa. Nov. 4, 2020) (considering actual and constructive notice of the 45-day deadline); *Hatcher v. Potter*, No. CIV.A. 04-2130, 2005 WL 3348864, at *5 (E.D. Pa. Dec. 7, 2005), *aff'd*, 196 Fed. Appx. 120 (3d Cir. 2006)(unpublished); *Dougherty v. Henderson*, 155 F. Supp. 2d 269, 275 (E.D. Pa. 2001).

"[W]hether a particular party is eligible for equitable tolling generally requires consideration of evidence beyond the pleadings," and commonly cannot be resolved on a Fed. R. Civ. P. 12(b)(6) motion. *In re Community Bank of N. Virginia*, 622 F.3d 275, 301 (3d Cir. 2010), *as amended* (Oct. 20, 2010). *See also Doe*, 2020 WL 6482545, at *10 - *11 (declining to decide whether plaintiff had notice of the 45-day deadline under 29 C.F.R. § 1614.105(a)(1) at the motion to dismiss stage); *Hatcher*, 2005 WL 3348864, at *5 (deciding notice of the 45-day deadline under 29 C.F.R. § 1614.105(a)(1) on summary judgment after an evidentiary hearing); *Dougherty*, 155

16

F. Supp. 2d at 275 (deciding notice of the 45-day deadline under 29 C.F.R. § 1614.105(a)(1) on summary judgment). *But see Villalobos v. Vilsack*, No. C 12-138 MEJ, 2012 WL 4674056, at *9 (N.D. Cal. Oct. 1, 2012) *aff'd*, 601 Fed.Appx. 551 (9th Cir. 2015) (deciding notice issue on a motion to dismiss where it was undisputed plaintiff had actual notice of the 45-day deadline).

     A determination of whether Polito is entitled to equitable tolling because he did not receive adequate notice of the 45-day deadline to contact the EEO counselor regarding his allegations of discrimination and retaliation would be a fact-intensive inquiry not suitable for resolution at this stage.  Polito maintains, and Defendants do not dispute, that his termination letter did not include any notice of his right to contact the EEO within 45 days, which is enough at this stage that discovery may reveal Polito did not have adequate notice of this deadline and equitable tolling may apply.  While it is disputed whether Polito had constructive notice of the deadline because his EEO rights were posted at his worksite, this is not an issue to resolve at this stage. *See Doe*, 2020 WL 6482545, at *11 (declining to consider issue of constructive notice of EEO rights on a motion to dismiss where posters setting forth those rights were posted at the workplace).  Therefore, it is respectfully recommended that Defendant's motion to dismiss be denied in this respect as the issues regarding equitable tolling and Polito's adequate notice are better decided with the benefit of a completed record at the appropriate procedural juncture.

### III. Conclusion

Based on the foregoing, it is respectfully recommended that Defendant's motion to dismiss be granted in part and denied in part and the issues regarding equitable tolling and Polito's adequate notice may be raised following the completion of discovery at the appropriate procedural juncture.

Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72, and the Local Rules for Magistrates, the parties have until **February 25, 2025** to object to this report and recommendation.  Unless otherwise ordered by the District Judge, responses to objections are due fourteen days after the service of the objections.  Failure to file timely objections will waive any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

DATED this 11th day of February, 2025.

Respectfully submitted:

s/Christopher B. Brown
United States Magistrate Judge

cc: Hon. Mark R. Hornak
Chief United States District Judge
*via CM/ECF electronic filing*

Counsel of record
*via CM/ECF electronic filing*